IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BARBARA CAULFIELD and DAVID CAULFIELD,<br><br>    Plaintiffs,<br><br>vs.<br><br>SIG-MO, LLC d/b/a TERRACE PARK FUNERAL HOME, MARK BODICKY And MICAH WYNES,<br><br>    Defendants. | Case No. 15-0039-CV-W-ODS |

<u>ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO REMAND</u>

Pending is Plaintiffs' Motion to Remand. The Court concludes that diversity of citizenship is lacking and at least one of the diversity-destroying defendants was not fraudulently joined. Therefore, the motion (Doc. # 4) is granted and the case is remanded.

Plaintiffs are citizens of Missouri. They have sued SIG-Mo Assets LLC, which does business in Missouri as Terrace Park Funeral Home.[1] Also named as defendants are two individuals – Mark Bodicky and Micah Wynes – both of whom are citizens of Missouri. Bodicky and Wynes are alleged to have been employed by the funeral home. Petition, ¶¶ 4-5. Plaintiffs describe the course of discussions they had with Wynes and another employee, (Jillian Little, who is not a defendant); these discussions related to

---

[1] Sig-Mo's citizenship is unclear. Plaintiffs' state-court Petition describes it as "a foreign limited liability corporation." Defendants' Notice of Removal describes it as "a Texas Corporation with its principal place of business in Houston, Texas." However, the designation of "LLC" suggests it is not a corporation, and citizenship of an LLC is determined by the citizenship of all of its members and not the state of formation. <u>E.g.</u>, <u>GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.</u>, 357 F.3d 827, 828-29 (8th Cir. 2004). However, for present purposes it does not matter that nobody has established Sig-Mo's citizenship: if it has a member who is a citizen of Missouri, the case would have to be remanded anyway, and if it does not have a member who is a citizen of Missouri the case has to be remanded because of the Court's conclusion that one of the diversity-destroying defendants is not fraudulently joined.

the care and handling of Plaintiffs' deceased relative, James Caulfield. Petition, ¶¶ 11-15. These discussions are described as coercive, but there is no need to delve into the allegations at this time.

At the conclusion of the conversations, Plaintiff Barbara Caulfield told Little not to embalm James's body until she had talked to other members of the family. Petition, ¶¶ 20. When Barbara called back, Little advised that James's body had already been embalmed. Petition, ¶¶ 22-23. Plaintiffs contacted another funeral home to attend to the arrangements, and Little told Plaintiffs they would have to pay a fee to transfer James's body to the new funeral home. Petition, ¶¶ 28-29. "Plaintiff then spoke to Defendants' funeral director, Mark Bodicky, who agreed to waive the $585 transfer fee. Defendant Bodicky did not disclose that the face and neck of the deceased had been severely burned by the embalming fluid." Petition, ¶ 30. Plaintiffs did not learn of the damage to the body until advised by the second funeral home. Petition, ¶ 31.

Plaintiffs assert three claims. Count I alleges a claim for breach of the right of sepulcher, which is statutorily defined as "the right to choose and control the burial, cremation, or other final disposition of a dead human body." Mo. Rev. Stat. § 194.119.1. "The gist of the cause of action is the emotional distress and anguish to the nearest kin from mistreatment of the body. The basis of the cause of action for interference with the right of sepulchre is the mental anguish experienced by the person claiming the right of sepulchre." Sale v. Slitz, 998 S.W.2d 159, 163 (Mo. Ct. App. 1999). Count II asserts a claim for negligent infliction of emotional distress. Both Counts I and Counts II are based in part on Wyne and Little "[i]nsisting that Plaintiffs agree to use Defendants' services and coercing Plaintiff Barbara Caulfield into signing the paperwork by stating that she could not leave unless arrangements were made for the body." Petition, ¶¶ 36(a), 41(a). Counts I and II are also predicated on the actual treatment of the deceased's body. Finally, Count III alleges a violation of the Missouri Merchandising Practices Act because "Defendants employed deception, fraud, false pretenses, misrepresentations, and unfair practices in connection with the sale of funeral services to Plaintiffs . . . ." Petition, ¶ 49.

Plaintiffs contend the case must be remanded because federal jurisdiction is lacking. As there are no federal issues in this case, jurisdiction exists if more than

$75,000 is in controversy and there is complete diversity between the parties; that is, that no defendant is a citizen of a state where any plaintiff is a citizen. 28 U.S.C. § 1332. Defendants removed this case to federal court, so they bear the burden of demonstrating federal jurisdiction exists. E.g., 4:20 Communications, Inc. v. Paradigm Co., 336 F.3d 775, 779 (8th Cir. 2003); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n.13 (8th Cir. 1978)). Defendants attempt to meet this burden by contending the two diversity-destroying defendants – Bodicky and Wynes – were fraudulently joined. The Court concludes Wynes was not fraudulently joined, making it unnecessary to consider whether Bodicky was.

The Eighth Circuit has articulated the fraudulent joinder standard as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. Filla, 336 F.3d at 810.

In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." Id. at 811 (citations omitted) (emphasis in original). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." Id. (emphasis added). Where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for

the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. (quoting Iowa Pub. Serv. Co., 556 F.2d at 406).

Defendants provide additional facts of their own in an effort to prove that Wynes "was not involved in the sale of arrangements for funeral services or embalming with respect to any customers, including Plaintiffs. While present when [Little] explained available funeral services to Plaintiffs, he said nothing." Doc. # 7 at 2. Defendants essentially ask the Court to decide their version of facts is correct and Plaintiffs' version is wrong, which misapprehends the Court's ability to resolve factual disputes at this juncture. The Court must accept the facts alleged in the state-court petition as true. E.g., Wilkinson v. Shcackelford, 478 F.3d 957, 964 (8th Cir. 2007). "Fraudulent joinder exists if, *on the face of plaintiff's state court pleadings*, no cause of action lies against the resident defendant." Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 2983). To hold otherwise and entertain Defendants' argument would allow defendants to allege "fraudulent joinder" every time they can argue that the plaintiff's factual allegations are untrue – thereby turning the jurisdictional inquiry into a mini-assessment of the merits. This places the cart before the horse: the Court must have jurisdiction *before* it can address (much less attempt to resolve) competing factual averments.

Defendants insist – and the Court agrees – that there are no allegations suggesting Wynes or Bodicky were personally involved in the embalming process. And, the Court's conclusion might be different if this were the only basis for Plaintiffs' claims. However, Wynes' and Little's alleged sales tactics are also alleged as a basis for each of the three counts asserted, and Defendants have not contended these sales tactics would not give rise to the three claims Plaintiffs have alleged. All Defendants have done is attempted to prove that Wynes was not involved in the sale of goods or services to Plaintiffs, but as stated above this is not an argument the Court can entertain at this juncture.

4

The Court concludes Wynes was not fraudulently joined.  Wynes and Plaintiffs are citizens of Missouri, so federal jurisdiction is lacking.  The case is remanded to the Circuit Court for Clay County, Missouri.

IT IS SO ORDERED.

DATE: March 2, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT